U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV 10 2005

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DIRECTV, INC. | CIVIL ACTION NO. 04-106 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WAYNE BRITTON | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

This matter is before the Court on Plaintiff's Amended Motion for Default Judgment [Doc. No. 44] against Wayne Britton pursuant to Rule 55 of the Federal Rules of Civil Procedure. Having thoroughly reviewed the record, including the affidavits, evidence and the supporting memorandum filed therein, the Court finds that Plaintiff is entitled to a judgment of default against Wayne Britton. Britton has not made any appearance in this matter.

### BACKGROUND

DIRECTV filed suit against Britton alleging that he illegally gained access to its private cable television by purchasing devices that intercept DIRECTV's satellite images. This suit was filed on May 22, 2003. Britton's roommate was served with the complaint on March 29, 2004. [Doc. No. 4]. The complaint alleges that Britton purchased a device called "Combo Viper Reader/Writer & Wildthing 2 Clone Unlooper" for the purpose of gaining access to DIRECTV in violation of several federal laws. [Doc. No. 1]. Britton did not file an answer to the complaint. On October 20, 2005, DIRECTV filed "Request to

Clerk for Entry of Default" [Doc. No. 24] against Britton. On October 25, 2004, the Clerk filed an entry of default as to Britton. [Doc. No. 25]. On March 18, 2005, DIRECTV filed a motion for default judgment. [Doc. No. 33]. In April, plaintiff's counsel moved to file supplemental briefs on the issue of whether there was a private right of action under the Wiretap Communications Act. In June, the Court held oral argument on whether there was a private right of action under the Wiretap Communications Act and the election of remedies by DIRECTV. [Doc. No. 43]. DIRECTV filed the Amended Motion for Default Judgment on June 29, 2005. [Doc. No. 44]. In a similar case, the Court held that 18 U.S.C. 2511 did provide a private right of action. DIRECTV v. Patterson, Civil Action No. 03-2173 (W.D. La. 2005).

## LAW AND ANALYSIS

Default judgment is proper pursuant to Rule 55 of the Federal Rules of Civil Procedure after the proper filings if the Court uses sound judicial discretion and determines that the judgment should be entered. Robinson v. Griffith, 108 F.R.D. 152 (W.D. La. 1985). Default judgments are generally not favored and are to be utilized with caution. Finch v. Big Chief Drilling Co., 56 F.R.D. 456 (E.D. Tex. 1972). The moving party must provide a sufficient basis for the judgment. Nishimastu Construction Co. v. Houston National Bank, 515 F.2d 1200 (5th Cir. 1975).

The Court finds that the plaintiff has properly pled and moved for default on the claim against Britton pursuant to 47 U.S.C. § 605(a) and 18 U.S.C. § 2511. As only one violation was pled, the Court will award damages for one violation only. The Court finds that there is no allegation that Britton used the device for anything other than personal use.

The Court finds that the reasonable inference is that Britton purchased the "Combo Viper Reader/Writer & Wildthing 2 Clone Unlooper" for his personal use.

DIRECTV elects a remedy pursuant to 18 U.S.C. § 2520(c)(2)(B) in its amended motion. [Doc. No. 44]. DIRECTV requests statutory damages in the amount of $10,000.00. In support of its requested damages, DIRECTV has filed evidence including the affidavit of Jamie Sichler [Plaintiff's Exhibit D]. Sichler uses the average monthly bills from the top 10% of DIRECTV's legitimate customers to estimate the monthly cost of stolen programming. This estimated amount totals $204.56 per month. DIRECTV has provided evidence that Britton was shipped the device on June 27, 2000. Considering this information, the Court finds that damages in the amount of $10,000.00 is sufficient and reasonable.

The Court finds, as other courts in this district, that Plaintiff has not proven a violation of Section 605(e)(4). See, DIRECTV v. Robertson, Docket No. 03-940 (W.D. La. 2004). There is no evidence that Juneau assembled the device or modified the design of the card. Therefore, damages pursuant to Section 605(e)(4) are denied.

The Court further denies injunctive relief pursuant to 47 U.S.C. § 605(e)(3)(b)(i) and 18 U.S.C. § 2511. The Court finds that DIRECTV has not established irreparable harm. DIRECTV can in the future, as today, be awarded monetary damages if Britton continues to take illegal action.

DIRECTV also asks the Court for attorneys' fees in the amount of $1,943.17 and costs in the amount of $187.80. The Court finds that the requested attorneys' fees and costs are reasonable and supported by the evidence submitted and grants the amounts requested.

Therefore:

IT IS ORDERED that Plaintiff's Amended Motion for Default Judgment [Doc. No. 44] shall be **GRANTED in part** and **DENIED in part;**

**IT IS FURTHER ORDERED** that Plaintiff shall be **GRANTED** default judgment on the claims pursuant to 47 U.S.C. § 605(a) and 18 U.S.C. § 2511;

**IT IS FURTHER ORDERED** that Plaintiff's claims pursuant to 47 U.S.C. § 605(e)(4) shall be **DISMISSED;**

**IT IS FURTHER ORDERED** that Plaintiff shall be awarded $10,000.00 in statutory damages, in addition to post judgment interest, pursuant to 18 U.S.C. § 2520(c)(2)(B);

**IT IS FURTHER ORDERED** that Plaintiff shall be awarded attorneys' fees in the amount of $1,943.17 and costs in the amount of $187.80.

Shreveport, Louisiana, this 10th day of November, 2005.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE